T.C. Memo. 1997-517

UNITED STATES TAX COURT

RAYMOND VERNI SCHROEDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15218-96.                    Filed November 17, 1997.

Raymond Verni Schroeder, pro se.

<u>Edith E. Siler</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined a deficiency in petitioner's Federal income tax for

_____

[1]    Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

1993 in the amount of $5,083, and an accuracy-related penalty in the amount of $244 pursuant to section 6662(a).

The issues are: (1) Whether petitioner is liable for tax on additional wage income in the amount of $170 earned by Debra Schroeder (petitioner's deceased wife); (2) whether certain income earned by petitioner constitutes earnings from self-employment within the meaning of section 1402, subject to tax imposed by section 1401; (3) whether Social Security benefits received by petitioner and Mrs. Schroeder are taxable; (4) whether petitioner is entitled to a deduction for taxes in excess of the amount allowed by respondent; (5) whether petitioner is entitled to a deduction for an amount paid to the Neptune Society of California; (6) whether petitioner is entitled to a deduction for medical expenses in excess of the amount allowed by respondent;[2] and (7) whether petitioner is liable for an accuracy-related penalty for the year in issue.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein. Petitioner resided in Downers Grove, Illinois, at the time his petition was filed.

Petitioner is a mechanical engineer. Petitioner was laid off from that position some time prior to 1993. In February

---

[2] The resolution of this issue depends on the computation of adjusted gross income and is controlled by our decision with respect to the first three issues.

1993, petitioner was contacted by Richard Sheriff, the president of Astron DS Corporation (Astron). Astron manufactures wire display racks. In April or May 1993, petitioner reached an agreement with Richard Sheriff to perform services for Astron. No written contract was executed. Petitioner was engaged by Astron to assist in relocating its existing plant operations to a new location. Petitioner's primary responsibility was to advise Richard Sheriff's son, David Sheriff, on this project.

Astron provided petitioner with a drawing board, a desk, a telephone, and other supplies. Astron did not provide any benefits to petitioner in the form of vacation or sick leave or participation in a pension plan or health plan. Petitioner did not fill out any forms with respect to the withholding of taxes from his payments from Astron, and Astron did not withhold any taxes from payments to petitioner. Petitioner submitted invoices to Astron with respect to the work he performed. In October or November 1993, Richard Sheriff terminated petitioner. Petitioner received Form 1099-MISC from Astron, showing Astron paid petitioner nonemployee compensation in the amount of $44,244[3] in 1993.

During 1993, petitioner and Mrs. Schroeder received Social Security benefits in the respective amounts of $14,851 and

---

[3]    All amounts have been rounded.

$6,523. Mrs. Schroeder also earned wage income in the amount of $170 from the DuPage County board of elections.

Petitioner's sister-in-law, Mrs. Schroeder's sister, died and was cremated during 1993. His sister-in-law was a follower of the Neptune Society of California, a religious order. In accordance with the beliefs and customs of the Neptune Society, her ashes were transported out to sea by boat and a religious service was performed. Petitioner and Mrs. Schroeder paid the Neptune Society $1,010 in connection with this service.

Petitioner and Mrs. Schroeder filed a joint Federal income tax return for 1993. Mrs. Schroeder died in July 1994. On their return, they reported no wage income and no taxable Social Security benefits. On Schedule C of their joint return, petitioner reported gross receipts in the amount of $44,244 and deducted expenses totaling $14,581 from his principal business which he identified as that of management consultant. The expenses claimed on Schedule C are as follows:

| Expense | Amount |
| --- | --- |
| Advertising | $248 |
| Car and truck expense | 1,882 |
| Insurance | 1,116 |
| Legal and professional services | 221 |
| Office expense | 2,943 |
| Repairs and maintenance | 7,147 |
| Meals and entertainment | 918 |
| Total | $14,475 |

In addition, petitioner claimed home office expense in the amount of $106 on Schedule C. On Schedule A, petitioner and Mrs.

Schroeder claimed medical expenses, other taxes, and other miscellaneous deductions in the respective amounts of $5,093, $998, and $1,160.

In the notice of deficiency, respondent increased petitioner's income by $170 to reflect unreported wages earned by Mrs. Schroeder. Respondent determined that petitioner was required to include in income Social Security benefits in the amount of $5,461. Respondent determined that petitioner was liable for self-employment taxes in the amount of $4,191. Respondent disallowed a portion of petitioner's claimed deduction for medical expenses in the amount of $265 as a computational result of the adjustments to petitioner's income. Respondent also disallowed a portion of petitioner's claimed deduction for taxes in the amount of $999[4] as personal expenses. Respondent disallowed a portion of petitioner's miscellaneous itemized deductions in the amount of $1,125 as personal expenses. Respondent allowed a deduction for one-half of the self-employment taxes determined, or $2,096. Respondent further determined an accuracy-related penalty in the amount of $244 on a portion of the deficiency in the amount of $1,222.

Respondent's determinations are presumed correct, and petitioner has the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[4] The difference between this and the amount claimed appears to be due to rounding. Respondent also decreased income by $1.

Wage Income

Gross income includes compensation for services. Sec. 61. Petitioner admits that during 1993 Mrs. Schroeder received wages in the amount of $170 from the DuPage County Board of Election Commissioners. Petitioner does not contend that this amount is excludable from gross income, and he has not established that this amount was included in gross income reported on his joint return for 1993. Respondent is sustained on this issue.

Self-Employment Tax

Petitioner contends that he provided services to Astron as an employee, not as an independent contractor. Petitioner argues that his compensation received from Astron is not subject to self-employment tax. Respondent determined that petitioner is liable for self-employment tax on his net earnings derived from services performed for Astron because petitioner was acting as an independent contractor.

A self-employment tax is imposed on net earnings of $400 or more from self-employment income. Secs. 1401 and 1402(b). The term "self-employment income" is defined as income derived by an individual from carrying on a trade or business, less the allowable deductions attributable to such trade or business. Sec. 1402.

Whether an individual is an employee in a given situation is a factual question to be determined by application of common-law

principles to the particular circumstances presented. Secs. 1402(d), 3121(d)(2); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318 (1992). Factors that are relevant in determining whether an individual is a common-law employee include: (1) The degree of control exercised by the principal over the details of the work; (2) the individual's investment in the work facilities; (3) the individual's opportunity for profit or loss; (4) the permanency of the relationship between the parties; (5) the principal's right to discharge the individual; (6) whether the work is an integral part of the principal's business; (7) the relationship that the parties think that they are creating; and (8) whether fringe benefits are provided. NLRB v. United Ins. Co. of Am., 390 U.S. 254, 258 (1968); Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Although no one factor is controlling, the degree of the principal's control over the details of the work is the most important factor. Weber v. Commissioner, supra at 387. An employer generally has the right to control not only the result to be accomplished, but also the details and means by which it is accomplished. Sec. 31.3401(c)-1(b), Employment Tax Regs.

Although the record is scant, several of the factors tend to indicate that petitioner was an independent contractor. Astron did not control or direct petitioner in his activities. In addition, Astron did not provide petitioner with any fringe

benefits. It appears that Astron believed it was creating an independent contractor relationship with petitioner; Astron did not withhold any taxes, and it required petitioner to submit invoices for payment on work completed. Astron hired petitioner to complete a specific project, i.e., the relocation of its existing operations, suggesting that his employment was not permanent or indefinite. Furthermore, petitioner's work was not an integral part of Astron's business, the fabrication of wire display racks.

On the other hand, other factors do favor petitioner's contention. Astron provided petitioner with the facilities to conduct his work, and petitioner apparently was subject to discharge. It does not appear that petitioner had an opportunity for profit or loss.

Other factors are neutral. Petitioner testified that he believed he was hired as an employee, but it is also clear that petitioner recognized that his relationship with Astron and the manner in which he was paid were not the same as that he experienced with a previous employer. The expenses claimed on petitioner's Schedule C suggest that petitioner had an investment in his facilities. However, petitioner testified that the office expenses claimed related to his work for other companies, although he did no such work during the year in issue.

Furthermore, petitioner could not recall what the largest expense, repairs and maintenance, represented.

Based upon our review of the relevant factors, we find that petitioner was compensated as an independent contractor by Astron during 1993. Therefore, petitioner's net earnings therefrom are subject to self-employment tax. Respondent is sustained on this issue.

Social Security Benefits

Section 86(a) provides that gross income includes Social Security benefits in the amount equal to the lesser of: (1) One half of the Social Security benefits received during the year; or (2) one-half of the excess of the sum of (a) modified adjusted gross income and (b) plus one-half of the Social Security benefits received over the base amount. The base amount for taxpayers filing a joint return for 1993 is $32,000. Sec. 86(c)(1)(B). For 1993, petitioner's modified adjusted gross income equals adjusted gross income. See sec. 86(b)(2).

Petitioner argues that the calculation pursuant to section 86 does not result in the inclusion of any Social Security benefits in income for 1993. The sum of one-half of the Social Security benefits received, $10,687, and modified adjusted gross income for 1993, $32,251,[5] equals $42,928. This amount exceeds

---

[5]  This includes additional wage income of $170 and allowing a deduction of $2,096 for one-half of the self-employment taxes determined by respondent.

the base amount, $32,000, by $10,938.  One-half of this excess is equal to $5,469, which amount is less than one-half of the Social Security benefits received, $10,687.  Respondent adjusted petitioner's income by $5,461 pursuant to section 86.  Respondent is sustained on this issue.

## Deduction for Taxes

Deductions are a matter of legislative grace, and petitioners must prove entitlement to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 262 prohibits the deduction of personal, living, or family expenses.  Prior to 1986, section 164(a)(4) allowed a deduction for State and local sales taxes paid during the taxable year.  Section 164(a)(4) was repealed by section 134(a)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2116.

Petitioner testified that the taxes, for which he claimed a deduction in the amount of $998, were State sales taxes and taxes imposed on utilities purchases.  These taxes are not deductible under section 164.  Respondent is sustained on this issue.

## Other Miscellaneous Deductions

Petitioner claimed a deduction in the amount of $1,010 paid in connection with his sister-in-law's burial and service held at sea.  Petitioner seems to argue that because this was required in accordance with his sister-in-law's beliefs, the amount represents a religious expenditure or charitable contribution.

Petitioner had not established that the payment to the Neptune Society was made for any purpose other than to bury his sister-in-law in accordance with her religious beliefs. These costs were personal expenses and are not deductible. Sec. 262. Respondent is sustained on this issue.

Petitioner's trial memorandum lists payments claimed as other miscellaneous deductions. Petitioner presented no evidence as to the purpose for these expenditures. Therefore, petitioner has failed to establish that he is entitled to a deduction for any other miscellaneous expenses. Respondent is sustained on this issue.

Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of any underpayment of tax that is due to negligence. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c).

No penalty will be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that in regard to such portion there was reasonable cause and that the taxpayer acted in good faith. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. This determination is based on all of the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Isolated computational errors are not inconsistent with reasonable cause and good faith.  Id.

Respondent determined an accuracy-related penalty on a portion of the deficiency in the amount of $1,222.  It is not entirely clear to which adjustments this portion of the underpayment is attributable.  However, it appears that respondent did not determine the penalty on the underpayment attributable to self-employment taxes of $4,191 and the associated reduction in income taxes resulting from the deduction allowed with respect to the self-employment tax.

Based on the record, we find that the penalty does not apply to the portion of the underpayment attributable to the adjustment with respect to the taxable Social Security benefits.

To reflect the foregoing,

Decision will be entered under Rule 155.